IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK LAMONT DIXON, III** : | CIVIL ACTION NO. 1:21-CV-1929 |
| Petitioner : | (Judge Conner) |
| v. : | |
| **UNITED STATES OF AMERICA** : | |
| Respondent : | |

## MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2241, in which petitioner Derrick Lamont Dixon, III seeks habeas corpus relief for some unspecified reason. We will dismiss the petition without prejudice.

**I.   Factual Background & Procedural History**

Dixon initiated this case through the filing of a habeas corpus petition on November 15, 2021. In the petition, Dixon notes that he was convicted of a crime in a federal court in North Carolina,[1] and that he is currently incarcerated in the Canaan United States Penitentiary in Waymart, Pennsylvania. Dixon does not provide any other factual details in the petition, but he attaches a series of documents that appear to be requests for administrative relief that he directed to

---

[1] Dixon does not state which district court presided over his criminal case or the crimes for which he was convicted. Based on a review of publicly available dockets, it appears that he was convicted of unlawful possession of a firearm in the United States District Court for the Middle District of North Carolina following a guilty plea in 2019. See United States v. Dixon, No. 1:19-CR-560 (M.D.N.C. filed Oct. 28, 2019).

the Bureau of Prisons related to his sentence.  Dixon does not explain the relevance of these documents.

## II.   Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

## III.   Discussion

Dismissal of this case under Rule 4 is appropriate, as it is unclear what relief Dixon is seeking or why he would be entitled to habeas corpus relief.  It appears from the administrative remedy requests attached to the petition that Dixon is seeking habeas corpus relief based on some purported defect in his underlying sentence, but because Dixon provides no facts or legal arguments and does not explain the significance of the administrative remedy requests, the court simply cannot discern any basis for granting habeas corpus relief from the petition.

## IV.   Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    December 10, 2021